# IN THE COURT OF APPEALS OF IOWA

No. 15-0182
Filed July 27, 2016

**PAULINO PEREZ MONDRAGON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon,

Judge.

Paulino Perez-Mondragon appeals the denial of his postconviction-relief

application. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee State.

Considered by Danilson, C.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Paulino Perez-Mondragon appeals the denial of his postconviction-relief (PCR) application, alleging the PCR court erred in finding no prejudice resulted from the prosecutor's alleged misconduct. We affirm.

## I. Background Facts

In 2009, a jury found Perez-Mondragon guilty of robbery in the first degree and assault while participating in a felony. The conviction was affirmed on appeal. *See State v Perez-Mondragon*, No. 10-0299, 2013 WL 530974, at *3-4 (Iowa Ct. App. Feb. 13, 2013).[1] In July 2013, Perez-Mondragon filed a pro se PCR application. The PCR application was amended in July 2014, with the assistance of counsel, and contained four challenges to his conviction and sentence. The PCR court granted the PCR application in part and denied it in part. On appeal, Perez-Mondragon challenges only the PCR court's finding with regard to his claim of prosecutorial misconduct. Because his trial counsel did not object to the prosecutor's statements, Perez-Mondragon raises his claim as one of ineffective assistance of counsel.

## II. Standard and Scope of Review

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). We can resolve ineffective-assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). "We

---

[1] The facts pertinent to the underlying crime are contained in a prior opinion of this court and are not restated herein. *See Perez-Mondragon*, 2013 WL 530974, at *1-2.

review ineffective-assistance-of-counsel claims de novo." *Tompkins*, 859 N.W.2d at 636.

### III. Analysis

On appeal, Perez-Mondragon contends three comments or series of comments made by the prosecutor during closing arguments individually and collectively constitute prosecutorial misconduct. He contends the following three statements impermissibly commented on his credibility, intelligence, and nationality: (1) Perez-Mondragon "finally did come clean and tell the truth about everything" during an interview with law enforcement; (2) Perez-Mondragon or his actions were "boneheaded"; and (3) the prosecutor had "no idea how things are done in Mexico or from where Mr. Mondragon is originally from."

To prove prosecutorial misconduct, a claimant must demonstrate both that the prosecution engaged in misconduct and that prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). When determining whether prejudice resulted, the court must consider: "(1) the severity and pervasiveness of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's evidence; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct." *Id.* (citations omitted).

In the first comment, the prosecutor referenced the fact that Perez-Mondragon originally denied being involved in the robbery when questioned by police, later admitted to the police that he approached the victim with a knife, but denied having a knife at the time of trial. As noted by the PCR court, the prosecutor's comments were consistent with Perez-Mondragon's own testimony

that he initially lied to police. We agree with the PCR court that the prosecutor's comment, which merely pointed out the inconsistencies and changes in Perez-Mondragon's testimony, did not constitute prosecutorial misconduct.

The prosecutor twice used the term "boneheaded" when discussing Perez-Mondragon's theory of defense in closing argument. The facts presented at trial established that the goods obtained during the robbery were found under a mattress in Perez-Mondragon's apartment along with two knives. At trial, Perez-Mondragon testified the knives had been used for home repairs. The prosecutor stated, "[I]t is just not reasonable to believe that somebody is going to effectuate repairs on their home with two kitchen knives[,] [a]nd then make the bone-headed action in placing proceeds of a robbery on top of those same knives that are inexplicitly placed under a bed." On rebuttal, the prosecutor again stated,

> I certainly don't believe, it's the State's position, that you can get past that those knives were not only used for home repair but then hidden under a bed and then the defendant made the bone-head move sufficient enough to put the proceeds of the robbery along with those kitchen knives.

We agree with the PCR court that, while not well-advised, these comments alone do not constitute prosecutorial misconduct.

Finally, in closing arguments, Perez-Mondragon's counsel referenced his client's national origin on multiple occasions, stating,

> You also heard [Perez-Mondragon] explain what his understanding of the situation was. And we didn't grow up—I don't believe any of us grew up in the same system that [Perez-Mondragon] grew up in. And nor do I want to put the idea in your head that I think that it's better that way in Mexico, and I certainly think it probably is not. . . .

. . . Now you've all heard [Perez-Mondragon] explain that those knives were being used to fix a leaky roof or leaky ceiling I mean to say. Now [the prosecutor] has also called on you all—called on you all to hold that explanation as unreasonable because who in their right mind uses a filet knife or kitchen knife to cut Sheetrock or ceiling tiles. . . .

. . . I've explained to you or you've heard that [Perez-Mondragon] is from Mexico. [His roommate] is of Hispanic dissent. They may use tools in ways that we might consider strange, but it has been explained to you, and it has been done so in a reasonable way.

On rebuttal, the State replied,

And while the State would concede that sometimes people of different origins do things differently than what you and I may be accustomed to, and I have no idea how things are done in Mexico or from where [Perez-Mondragon] is originally from. And so even if you accept the proposition that those two kitchen knives were being used for home repair, that still doesn't explain why they were underneath the bed along with the proceeds of the robbery.

As the PCR court found, while there may have been a more artful way for the State to respond to Perez-Mondragon's closing remarks, the State was entitled to address the arguments made. Contrary to Perez-Mondragon's contention on appeal, it was not the State that raised the issue of his national origin.

Even assuming the above statements individually or collectively constituted misconduct, Perez-Mondragon cannot establish prejudice. These isolated comments in closing arguments, when taken in the context addressed above, were not severe or pervasive. *See Martin v. State*, No. 12-2240, 2014 WL 69542, at *8 (Iowa Ct. App. Jan. 9, 2014) ("Regarding the severity and the pervasiveness of the conduct, we note [the defendant's] complaints solely arise in the context of closing argument."). Further, as discussed above, it was Perez-Mondragon, not the prosecutor, that put his national origin at issue. Additionally,

the jury was specifically instructed that statements by the attorneys did not constitute evidence the jury could consider in reaching its verdict. *See State v. Musser*, 721 N.W.2d 734, 756 (Iowa 2006) ("In addition, the jurors were instructed they were to decide the defendant's guilt or innocence 'from the evidence and the law in these instructions,' and that evidence did not include '[s]tatements, arguments, and comments by the lawyers.'" (alteration in original)). Finally, as previously noted by a panel of this court, the evidence at trial against Perez-Mondragon was overwhelming. *See Perez-Mondragon*, 2013 WL 530974, at *3.

Upon balancing the above factors, we conclude any misconduct by the prosecution in closing argument did not create sufficient prejudice. Accordingly, Perez-Mondragon's trial counsel cannot have been ineffective in failing to perform a duty. *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) ("We will not find counsel incompetent for failing to pursue a meritless issue." (citation omitted)).

**AFFIRMED.**